# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NEW JERSEY CARPENTERS FUNDS AND THE TRUSTEES THEREOF, as assignees of Edward Chatten and other similarly situated workmen, <br><br> Plaintiffs, <br><br> v. <br><br> TISHMAN CONSTRUCTION CORPORATION OF NEW JERSEY, <br><br> Defendant. | Civil Action No. 13-cv-0379 (SDW) (MCA) <br><br> **OPINION** <br><br> June 13, 2013 |

**WIGENTON**, District Judge.

Before the Court is Defendant Tishman Construction Corporation of New Jersey's ("Defendant") Motion to Dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Also before the Court is Plaintiffs New Jersey Carpenters Funds and the Trustees Thereof ("Plaintiffs") as assignees of Edward Chatten and other similarly situated workmen's (collectively "Assignors") Motion to Remand pursuant to 28 U.S.C. § 1447(c).

This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. Venue is proper under 18 U.S.C. § 1391(b). This Court, having considered the parties' submissions, decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons stated below, Defendant's Motion to Dismiss is granted and Plaintiffs' Motion to Remand is denied.

1

**FACTUAL HISTORY**

In or about 2006, Defendant was awarded a contract to serve as general contractor and/or construction manager of a project involving construction of a multi-story building[1] and related carpentry work on the Revel Hotel and Casino in Atlantic City, New Jersey ("Project"). (Compl. ¶¶ 9-10; Pl. Br. at 1-2.) To support the construction costs of the Project, Revel Entertainment Group, LLC ("Revel") was provided with financial assistance by the New Jersey Economic Development Authority ("NJEDA"), an instrumentality of the State of New Jersey. (Compl. ¶¶ 4, 5.) The NJEDA requires that any workers on a project receiving assistance must be paid the prevailing wage.[2] (Compl. ¶ 7.)

Defendant hired Simon/Watt Construction Services ("Simon/Watt") as a subcontractor to perform certain carpentry work on the Project. (Compl. ¶ 11; Def. Br. at 1.) Simon/Watt then hired Assignors—who are carpenters—to work on the Project. (Compl. ¶ 11.) Simon/Watt allegedly failed to pay Assignors the prevailing wage set by the Commissioner of the State of New Jersey Department of Labor and Workforce Development pursuant to N.J.S.A. 34:11-56.30. (Compl. ¶¶ 12-15.)

Plaintiffs filed suit against Defendant seeking to collect the unpaid prevailing wages for the Assignors' carpentry work.[3] According to the Complaint, New Jersey Carpentry Funds "are employee benefit plans within the meaning of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1002(3) and trust funds within the meaning of § 302(c)(5) of the Labor

---

[1] The New Jersey Prevailing Wage Act requires workers employed on a public project with a value above the statutory threshold amount and which receives funds from the State to be paid the prevailing wage. Plaintiffs contend that the construction at issue—a multi-story building with a value above the statutory threshold—met the requirements of the PWA. (Pl. Br. at 2.)
[2] The prevailing wage is "the wage rate paid by virtue of collective bargaining agreements by employers employing a majority of workers of that craft or trade subject to said collective bargaining agreements, in the locality in which the public work is done" N.J.S.A. § 34:11-56.26.
[3] Neither Revel nor Simon/Watt is a party to this case.

Management Relations Act ("LMRA"), 29 U.S.C. 141, et seq." (Compl. ¶ 1.) Assignors are participants in Plaintiffs' plan of benefits. (Compl. ¶ 2.)

**PROCEDURAL HISTORY**

On November 8, 2012, Plaintiffs filed a Complaint in the Superior Court of New Jersey alleging violations of the Economic Development Authority Act ("EDAA") and the New Jersey Prevailing Wage Act ("PWA"). On January 18, 2013, Defendant removed the case to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. §§ 1441 and 1446. (Mot. to Remove at 2, 4.) On February 14, Defendant filed a Motion to Dismiss and Plaintiffs filed a Motion to Remand the case.

**LEGAL STANDARD**

*Motion to Dismiss*

The adequacy of pleadings is governed by Fed. R. Civ. P. 8(a)(2), which requires that a complaint allege "a short and plain statement of the claim showing that the pleader is entitled to relief." This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted); see also Phillips v. Cnty. of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing' rather than a blanket assertion of an entitlement to relief").

In considering a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips, 515 F.3d at 231 (quoting Pinker v. Roche Holdings Ltd., 292

F.3d 361, 374 n.7 (3d Cir. 2002)). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. at 555). If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to "show[ ] that the pleader is entitled to relief" as required by Rule 8(a)(2). Id. at 1950.

According to the Supreme Court in Twombly, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his[/her] 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." 550 U.S. at 555 (internal citations omitted). The Third Circuit summarized the Twombly pleading standard as follows: "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." Phillips, 515 F.3d at 234 (quoting Twombly, 550 U.S. at 556).

In Fowler v. UPMC Shadyside, the Third Circuit directed district courts to conduct a two-part analysis. 578 F.3d 203, 210 (3d Cir. 2009). First, the court must separate the factual elements from the legal conclusions. Id. The court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." Id. at 210-11. Second, the court must determine if "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" Id. (quoting Iqbal, 566 U.S. at 679). "In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." Id. (citing Phillips, 515 F.3d at 234-35.)

*Motion to Remand*

Generally, a defendant may remove a civil action filed in state court if the federal court could have original jurisdiction over the matter. See 28 U.S.C. § 1441(a); Boyer v. Snap–On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990). Upon removal, however, the district court may remand the case to state court if there has been a procedural defect in the removal or if the court lacks subject matter jurisdiction. See 28 U.S.C. § 1447(c); JVC Americas Corp. v. CSX Intermodal Inc., 292 F. Supp. 2d 586, 590 (D.N.J. 2003); In re Briscoe, 448 F.3d 201, 216 (3d. Cir. 2006). On a motion to remand, the removing party has the burden of establishing the propriety of removal. Boyer, 913 F.2d at 111; Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987); Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 29 (3d. Cir. 1985). Removal jurisdiction is to be strictly construed, with all doubts as to its propriety to be resolved in favor of remand. Monmouth-Ocean Collection Service, Inc. v. Klor, 46 F. Supp. 2d 385, 387 (D.N.J. 1999).

**DISCUSSION**

**I.     Defendant's Motion to Dismiss**

ERISA § 514(a) contains a broad preemption clause, stating that the Act "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" unless the cause of action is exempt under § 1003(a). 29 U.S.C. § 1144(a). "State laws" include "all laws, decisions, rules, regulations, or other State action having the effect of law." 29 U.S.C. § 1144(c)(1).

Defendant argues that Plaintiffs fail to state a claim upon which relief can be granted because all of their claims are preempted by § 514 of ERISA. See 29 U.S.C. § 1144. First, Defendant notes that the Assignors were direct employees of Simon/Watt and not Defendant.

5

(Def. Br. at 2.)  Next, Defendant alleges that it did not subcontract with Simon/Watt, but instead that Revel was responsible for all of the subcontracting.  (Id. at 4.)  Defendant argues that Plaintiffs' claims must truly seek "to collect benefit contributions" because a "construction manager/owner's agent" cannot be held liable for a contractor's failure to pay prevailing wages.  (Id. at 2.)

Furthermore, Defendant argues that Plaintiffs' claims "relate to" ERISA-governed benefit plans despite Plaintiffs' attempt to artfully plead their Complaint to avoid an ERISA claim.  (Def. Br. at 11.)  In other words, Plaintiffs' causes of actions appear to seek prevailing wages for Assignors based on the PWA and EDAA.  (Id.)  However, Plaintiffs seek to collect "employee benefits" and "fringe benefits" which essentially implicate ERISA benefit plans.  (Id.)

In determining whether ERISA's preemption clause applies to Plaintiffs' claims, this Court must address two main arguments: (1) whether Plaintiffs' insurance policy is an ERISA plan; and (2) whether Plaintiffs' claims "relate to" the benefits plan.  See Pane v. RCA Corp., 868 F.2d 631, 635 (3d Cir. 1989); Way v. Ohio Cas. Ins. Co., 346 F. Supp. 2d 711, 714 (D.N.J. 2004) (internal citation omitted)).

As previously articulated, Plaintiffs concede that (1) they are "employee benefit plans within the meaning of ERISA"; (2) they are "fiduciaries within the meaning of ERISA;" and (3) they seek to collect "fringe benefits."  (Pl. Br. at 1, 21-23.)  Based on these facts, this Court finds that it is undisputed that the funds at issue are ERISA employee benefits plans.  Furthermore, Plaintiffs' claims "relate to" an ERISA-governed benefits plans and are preempted by § 514 of ERISA.

Because this Court finds that Plaintiffs' claims are preempted by ERISA, it is unnecessary to reach the parties arguments relating to preemption under LMRA. This Court also need not address the effect of the PWA as ERISA preempts Plaintiffs' claims.

## II. Plaintiffs' Motion to Remand

A pleading typically determines whether a complaint is subject to state or federal law. See Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987). In determining federal question jurisdiction, district courts are guided by the well-pleaded complaint rule. Id. This rule provides that a cause of action "arises under" federal law only if a federal question is presented on the face of the complaint. See Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 9-12 (1983). However, "in certain circumstances the preemptive force of the federal law" can completely preempt state law causes of action despite the "well-pleaded complaint" rule. Dawson ex rel. Thompson v. Ciba–Geigy Corp. USA, 145 F. Supp. 2d 565, 568 (D.N.J. 2001) (internal citations omitted). A court can "look beyond the face of the complaint to determine whether a plaintiff has artfully pleaded his suit so as to couch a federal claim in terms of state law." Pryzbowski v. U.S. Healthcare, Inc., 245 F.3d 266, 274 (3d Cir. 2001) (quotations omitted).

The doctrine of complete preemption permits removal of an action to federal court when (1) a federal statute wholly displaces a state law claim and creates a superseding claim, and (2) there is a "clear indication of a Congressional intention to permit removal despite the plaintiff's exclusive reliance on state law." Railway Labor Execs. Ass'n v. Pittsburg & Lake Erie R.R. Co., 858 F.2d 936, 942 (3d Cir. 1988). Where there is complete preemption, removal is proper even if federal claims are not asserted in the complaint. Rivet v. Regions Bank of La., 522 U.S. 470, 475 (1998).

In Metropolitan Life, the Supreme Court concluded that claims falling under § 502(a)(1)(B) of ERISA come within the complete preemption exception to the well-pleaded complaint rule. Metro. Life, 481 U.S. at 65-66. The Third Circuit has articulated that removal is proper in the context of ERISA only if "(1) the [plaintiff] could have brought its . . . claim under § 502(a) [of ERISA], and (2) no other legal duty supports the [plaintiff's] claim." Pascack Valley Hosp. v. LOCAL 464A UFCW Welfare Reimbursement Plan, 388 F.3d 393, 400 (3d Cir. 2004).

Plaintiffs argue that this action was improperly removed to federal court because Defendant failed to demonstrate that the claims under the PWA were preempted by ERISA or the LMRA. Among other arguments, Plaintiffs assert "[t]he state law at issue here avoids preemption because it does not impede the goals of ERISA and has only incidental and insignificant relations to ERISA plans." (Pl. Br. at 15.) Additionally, Plaintiffs note that "[s]tate law claims which fall outside of the scope of § 502, even if preempted by § 514(a), are still governed by the well-pleaded complaint rule and, therefore, are not removable under the complete-preemption principles." (Id. at 7.)

Defendant argues that Plaintiffs seek collection of benefit fund contributions pursuant to a collective bargaining agreement and such benefits are governed by ERISA's exclusive framework. (Def. Reply at 2.) Defendant asserts that "it is the nature of claims brought by [Plaintiffs] and the relief sought that confer exclusive jurisdiction on the federal courts and which also preempt them." (Id. at 4.)

Based on the face of the Complaint, Plaintiffs seek relief under New Jersey common law and artfully pleaded around a viable ERISA action. However, in reviewing the substantive allegations, it is clear that Plaintiffs seek benefits relating to an ERISA-governed benefits plan.

Indeed, Plaintiffs concede that (1) they are "employee benefit plans within the meaning of ERISA"; (2) they are "fiduciaries within the meaning of ERISA;" and (3) they seek to collect "fringe benefits." (Pl. Br. at 1, 21-23.)

Under the Pascack framework, the relevant issue is whether Plaintiffs' claims fall within the scope of § 502(a)(1)(B). Based on the Complaint and the briefing, the parties do not dispute Plaintiffs' status as a fiduciary under ERISA and their authorization to bring an action under ERISA. (See Def. Reply 7; Compl. ¶ 1.) Importantly, the types of contributions that Plaintiffs seek are due under an ERISA plan. Unlike the cases cited by Plaintiffs, in these circumstances, Plaintiffs are ERISA participants seeking rights under an ERISA plan. Accordingly, as applied in this case, Plaintiffs' claims sufficiently relate to an ERISA plan and are thus completely preempted under § 502(a). Although artfully pleaded, the Complaint seeks interpretation of the collective bargaining agreement, which falls under ERISA. Therefore, this action was properly removed to federal court.

**CONCLUSION**

For the reasons stated above, Defendant's Motion to Dismiss is **GRANTED** and Plaintiff's Motion to Remand is **DENIED**.

s/Susan D. Wigenton, U.S.D.J.

cc: Madeline Cox Arleo, U.S.M.J.